ALLEN GRAMMER, Appellant

v.

VIRGIN ISLANDS CORPORATION, Appellee

No. 11842

United States Court of Appeals

Third Circuit

Submitted May 22, 1956

Decided June 27, 1956

*See, also, 235 F.2d 27*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

LEON P. MILLER, United States Attorney, Charlotte Amalie, Virgin Islands, *for appellee*

Before MARIS, McLAUGHLIN and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

This appeal is from a judgment of the District Court of the Virgin Islands which decided a controversy concerning the occupancy of real property owned by the United States. The property is an area within the air terminal building in St. Thomas, Virgin Islands. This space is occupied by appellant Grammer and used by him for the operation of a restaurant. The appellee, Virgin Islands Corporation, is a corporate agency of the United States, chartered and made amenable to suit by Act of June 30, 1949. 63 Stat. 350, 48 U.S.C. § 1407.

In his complaint appellant has alleged that he is occupying the premises under a ten year lease, executed in December, 1954, by Virgin Islands Corporation as lessor and himself as lessee, and that the lessor is unlawfully attempting to dispossess him. He seeks an injunction against this attempted ouster and damages for injury to his business said to have been caused by acts in derogation of his lease.

The answer of the corporation denies that the alleged lease has even become effective and asserts that Grammer had at most a month to month tenancy which has been terminated by an appropriate notice to quit. The corporation also counterclaimed, seeking an order restoring the property to its possession.

Certain uncontroverted facts were established by pleadings, exhibits and affidavits. The corporation then moved for judgments dismissing Grammer's claim and granting the relief sought in the counterclaim. The District Court granted these motions, disposing of claim and counterclaim in a single judgment. This appeal followed.

The District Court rightly viewed this case as turning upon the validity of the alleged lease, since Grammer founded his entire claim upon that instrument. The text of the document was before the District Court. It also appeared that the instrument had been signed both on behalf of the Virgin Islands Corporation as lessor and by Grammer as lessee. However, the instrument contained the following clear and explicit provision:

"It Is Further Expressly Understood and Agreed by the parties hereto that this lease must be approved by or for the Secretary of the Interior as a condition precedent to its validity."

Moreover, at the end of the document are the words "Approved by the Secretary of the Interior" followed by a line for the signature of that officer. It is admitted that neither the Secretary nor anyone else for him ever approved the lease or signed the document.

■ It is clear that appellant cannot both claim under the lease and reject its provision which makes the approval of the Secretary of the Interior a specific condition precedent to its validity. In this connection, it is noteworthy that the complaint itself alleges that Virgin Islands Corporation is "Managing Agent for the Department of the interior for . . . the property [in suit]. . . ." And the documents in this record confirm this allegation. Here then we have a party known to be acting as agent in the renting of property executing a lease which expressly states that the instrument shall be valid only on the principal's approval. We see no way in which a leasehold estate can arise under the instrument without that approval.

■ We have also considered, but are not persuaded by appellant's contention that there is a material issue of fact in dispute. True, in an affidavit supporting his complaint he asserts that officers of the corporation have acted arbitrarily in that, after representing to him that the lease was in proper order and would be submitted

routinely to the Secretary of Interior for signature, they refused, without good reason, to forward the instrument to the Secretary. The corporation has denied these assertions in an opposing affidavit. We need not consider whether proof of such conduct of appellee's officers as appellant alleges and his reasonable reliance thereon to his injury might sustain a personal action sounding in tort. For this is not such an action. The present claim merely asserts rights under a lease in a situation where it is clear that the document relied upon never became effective. Thus, the controverted issue as to the behavior of officials of the Virgin Islands Corporation cannot affect the disposition of this law suit.

■ Finally, appellant argues that he cannot be dispossessed except on such grounds and in such manner as are set forth in the local Emergency Rent Act, enacted by the Municipal Council of St. Thomas and St. John, and approved December 5, 1947 (28 V.I.C. § 831 et seq.). The short and complete answer, clearly supported by a recent adjudication by the Supreme Court, is that such local rent control legislation does not affect property of the United States administered by a federal agency. United States v. Wittek, 1949, 337 U.S. 346, 69 S. Ct. 1108, 93 L. Ed. 1406.

The judgment will be affirmed.