300 F.2d 830
 Helen KRUGER, Plaintiff-Appellant,
v.
Consuelo PURCELL, Daniel A. Moorhead, John A. Moorhead, Defendants-Appellees.
William D. THORP, Plaintiff-Appellee,
v.
Charles SMITH, Defendant-Appellee, and
Helen Kruger and Max Kruger, Intervenors-Appellants.
 No. 13734.
 No. 13735.
 United States Court of Appeals Third Circuit.
 Argued February 1, 1962.
 Decided March 26, 1962.
 
 George H. T. Dudley, Charlotte Amalie, St. Thomas, V. I., for appellant in Nos. 13734 and 13735.
 James A. Bough, Charlotte Amalie, St. Thomas, V. I., for appellees in No. 13734.
 Everett B. Birch, Charlotte Amalie, St. Thomas, V. I., for plaintiff-appellee in No. 13735.
 Croxton Williams, Charlotte Amalie, St. Thomas, V. I., for defendant-appellee in No. 13735.
 Before WOODBURY,* ALDRICH* and SMITH, Circuit Judges.
 WILLIAM F. SMITH, Circuit Judge.
 
 
 1
 These appeals are from judgments entered in actions to enforce specific performance of contracts for the sale of real property. The actions were consolidated for the purposes of trial. The judgments are challenged as erroneous on several grounds. We are met at the outset by an insurmountable obstacle to an intelligent review, namely, the inadequacy of the findings of fact and conclusions of law. The present state of the record is such that a decision by this Court could be based only on conjecture and this, of course, is not permissible.
 
 
 2
 The procedure in these actions is governed by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides: "In all actions tried upon the facts without a jury * * *, the court shall find the facts specially and state separately its conclusions of law thereon * * * ". (Emphasis by this Court).
 
 
 3
 A fair compliance with the rule requires the trial court to find the facts on every material issue, including relevant subsidiary issues, and to "state separately" its conclusions thereon with clarity. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 292, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1959); Kelley v. Everglades Drainage District, 319 U.S. 415, 421 and 422, 63 S.Ct. 1141, 87 L.Ed. 1485 (1942); Johnson v. United States, 256 F.2d 849 (5th Cir., 1958); Irish v. United States, 225 F.2d 3, 8 (9th Cir., 1955); Kweskin v. Finkelstein, 223 F.2d 677, 678 (7th Cir., 1955); Bank of Madison v. Graber, 158 F.2d 137, 141 (7th Cir., 1946). The findings of fact and conclusions of law must be sufficient to indicate the bases of the trial court's decision. Ibid. This requirement is not met in the instant cases.
 
 
 4
 A further obstacle to an intelligent consideration of the questions raised is the insufficiency of the record. We have before us only the documentary evidence, which consists of an abstract of title, a surveyor's plat, deeds, agreements, and correspondence. A transcript of the testimony is not available.[1] This deficiency in the record is such as to preclude any determination as to whether or not the findings of fact, as sparse as they are, are clearly erroneous.
 
 
 5
 A remand of these actions to the District Court for the sole purpose of permitting it to state adequately its findings of fact and conclusions of law, would serve no useful purpose. Therefore, the judgments will be reversed and the actions are remanded with directions that a new trial be had.
 
 
 
 Notes:
 
 
 *
 Sitting by assignment
 
 
 [1]
 We are informed that the testimony of the witnesses was taken by a mechanical recorder which proved ineffectual because of outside interferences