ISLAND CONSTRUCTION CORPORATION

v.

GUSTAVE DANIELSON, Appellant

No. 14,055

United States Court of Appeals

Third Circuit

Submitted at Christiansted January 28, 1963

Decided April 2, 1963

*See, also, 316 F.2d 161*

JAMES A. BOUGH, ESQ., St. Thomas, Virgin Islands, *for appellant*

THOMAS D. IRELAND, ESQ. (MAAS & IRELAND), St. Thomas, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

Island Construction Corporation sued Gustave Danielson to evict him from certain office space in a commercial building in Charlotte Amalie and to recover accrued rent. Danielson counterclaimed for damages allegedly caused by the plaintiff's wrongful and injurious interference with his lawful use of the premises. The case was tried without a jury. Judgment was for Island Construction Corporation on both claim and counterclaim. Danielson has appealed.

We must decide this appeal without much of the assistance normally furnished to an appellate court. We have the trial court's reconstruction of the relevant events as established by the evidence in only the most abbreviated form, since but six brief sentences constitute the court's findings of fact. Appellant Danielson has supplied us with a brief but has elected to submit his appeal without argument. The appellee has neither filed a brief nor argued in support of the judgment below. In these circumstances, we have examined the record and the abbreviated findings with care to determine to what extent we can and should adjudicate the merits of the controversy.

The record shows and the court below found that during the period in controversy appellee was the lessee of a six room area constituting the second floor of a commercial building. The lease was in writing and for a term of five years expiring at the end of March 1963. Danielson entered the picture early in 1959 when appellee by oral

428

agreement, sublet two rooms in the area in question to him for $75 per month. Later in 1959, according to the court's findings, again by oral agreement, Danielson's occupancy was expanded to include five of the six second-floor rooms at a rental of $200 per month. The record supports this finding and Danielson does not dispute it. It was also proved and the court found that in February 1961 and again in May 1961 appellee served Danielson with notice to quit, but Danielson has refused to vacate the premises.

On this appeal, Danielson raises questions concerning the nature and content of the agreement or agreements between the parties and the tenancy which resulted. On these matters the court made no findings.

 If Danielson's possession of the property was either an estate at will or a month-to-month tenancy, it is clear that appellee was entitled to repossess the property upon giving sufficient statutory notice to quit. 28 V.I.C. § 752; cf. Grammer v. Virgin Islands Corporation, 3d Cir., 1956, 3 V.I. 588, 235 F.2d 27. To avoid this conclusion Danielson argues that the evidence shows and the court below should have found that there had been either an assignment of appellee's lease to him or that he had been given a sublease for the unexpired term of appellee's lease. This argument falls in the face of the Virgin Islands Statute of Frauds. The court specifically found that the agreement under which Danielson occupied the property was oral. Danielson does not dispute this, although he claims that a written instrument was promised but never executed by appellee. Appellee's five year lease had several years to run when Danielson was permitted to take possession of the five room area. The Statute of Frauds makes it clear that a writing signed by appellee was necessary to make either an assignment of the original lease or a new sublease for a term longer than one year binding upon it.

429

28 V.I.C. §§ 241, 242; cf. Callwood v. Virgin Islands National Bank, 3d Cir. 1955, 3 V.I. 540, 221 F.2d 770. These provisions of the Statute of Frauds are supplemented by section 789 of Title 28, which provides that an unlawful holding of property by force occurs "when, after a notice to quit as provided in this chapter, any person continues in the possession of any premises . . . without any written lease or agreement therefor".

■ ■ Danielson has sought to avoid the impact of the Statute of Frauds by arguing that his conduct in taking possession and paying a monthly rent is a type of performance which makes the oral agreement an enforceable lease. However, such conduct can give the occupant no more than the status of a tenant from month-to-month. 1 Tiffany, Real Property, 3d ed. 1939, § 182. As one court has put it, "under the statute where one enters into the possession of real property under an oral lease for a definite time, with periodic rent reserved, he is not a tenant for the time agreed upon, but a tenant from period to period, corresponding to the times on which rent is payable". Watkins v. Balch, 1906, 41 Wash. 310, 83 Pac. 321. Thus, for the purposes of this case it is immaterial whether the parties had or had not made such oral agreements as Danielson alleged and undertook to prove. Without a written sublease or assignment, he had no defense against ouster in the manner appropriate for the termination of a monthly tenancy. For these reasons we conclude that the evidence and the findings of fact are sufficient to support a judgment for the eviction of Danielson, whatever the tenor of the oral agreement may have been.

■ ■ The counterclaim is another matter. It concerns the alleged conduct of appellee in preventing Danielson from bringing certain heavy equipment on the premises early in 1961 and the expense Danielson claims to have incurred in relocating equipment and activities because of

that conduct. There was testimony, conflicting in certain particulars, concerning this aspect of the case. But the court made no findings of fact whatever concerning the transactions and events out of which this counterclaim arises, although Rule 52(a), Federal Rules of Civil Procedure, plainly contemplates and requires such findings, Kruger v. Purcell, 3d Cir. 1962, 4 V.I. 361, 300 F.2d 830. There is merely a statement in the court's conclusion of law "that the defendant is entitled to nothing as against the plaintiff on the basis of the counterclaim". Without findings covering the essential facts, we cannot know the basis of the court's conclusion that the counterclaim fails and, therefor, are not in position to review the merits of this matter. This part of the case must, therefore, be remanded for further proceedings.

So much of the judgment as requires Danielson to vacate the premises and awards plaintiff accrued rent and an attorney's fee will be affirmed. However, the denial of relief on the counterclaim will be vacated and the cause remanded for the making of full and proper findings of fact and conclusions of law on that aspect of the case and an appropriate decision pursuant thereto.