**FREEPORT TRANSPORT, INC., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

April 29, 1966.

Rehearing Denied Dec. 9, 1966.

McElwain, Dinning, Clarke & Winstead, Louisville, J. K. Wells, Paintsville, for appellant.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellee.

CLAY, Commissioner.

Appellant's truck skidded off U. S. Highway 23 in Lawrence County, causing extensive damage to the vehicle and cargo. A claim for approximately $6,000 was filed with the Board of Claims against the Department of Highways. The Board denied the claim on the grounds that (1) the defect in the highway was not negligently created, and (2) the Highway Department had no notice of the condition. The Board's decision was upheld on appeal by the circuit court. Appellant contends the finding was erroneous as a matter of law because unsupported by substantial evidence (which we will treat as the question of whether appellant's proof was of such nature as to require a favorable finding).

In November 1961, the Department spot-sealed with a bituminous mixture a short section of the highway on a sharp curve. It started raining a few days thereafter, and the uncontradicted testimony is that the surface material began to flake off, exposing the primer coat. This surface would become very slippery when wet. Approximately eight months after the repair work had been done, appellant's truck, while rounding the curve at a reasonable rate of speed, completely lost traction at this point and slid into the ditch.

■ There was conflicting evidence as to whether the patching job had been done properly. We may accept the Board's finding that it was, but this does not justify a denial of the claim. It is uncontradicted that a dangerous condition (when the highway was wet) developed shortly after the work was done and existed for approximately eight months. The Board did not make a contrary finding and tacitly assumed the existence of such an intermittently hazardous condition.

The alternate basis of liability of the Highway Department, if any, is the negligent failure to discover and remedy the defect. Admittedly it was not remedied until after the accident, so the narrow issue is whether the Department, by the exercise of ordinary care and diligence, should have known of its existence and could have guarded the public against injury. See Commonwealth Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S. W.2d 695, 697. There is no evidence the Department had actual knowledge, but circumstances may have been such that knowledge was imputed or presumed. See City of Dayton v. Thompson, Ky., 372 S.W.2d 407. The time element of course is an important factor.

As before noted, the undisputed evidence established that the condition had existed in the neighborhood of eight months. There was testimony to the effect that for eight or nine years prior to this accident there had been none on this curve, but that after the patching job there had been seven accidents within the eight-month period. Although the times when these accidents took place were not shown and it was not proven that they were all similar to the one here involved, at least one was caused by slipping off the road and a fair inference is that the condition was a contributing cause of the others.

■ The Board and the trial court emphasized the fact that this dangerous condition was exposed *only when the highway was wet,* and in effect ruled that the Department had no duty to inspect or learn of conditions except when the highway was dry. This is a rather novel theory. The latent nature of the defect would of course make it less easily discoverable, but this is just one of the circumstances to be considered in determining whether it should have been discovered over a long period of time. Another important circumstance is

the type of highway, i. e., whether it is a principal and much traveled thoroughfare (as this one was) or a country road.

We may not reverse a finding of fact of the Board based on conflicting evidence, but an ultimate conclusion may be erroneous as a matter of law. See Columbus Mining Co. v. Childers, Ky., 265 S.W.2d 443; Lee v. International Harvester Co., Ky., 373 S.W.2d 418. Here the nature of the defect and the length of time it had existed were not in dispute. The delicate issue of mixed law and fact is whether the Department should be held to notice of this condition. In our opinion the Board erroneously assumed the Department had no duty to be cognizant of wet conditions on a national highway, and this assumption led to the finding of lack of constructive notice. We think the only reasonable conclusion to be reached under the circumstances shown was that this dangerous latent defect had existed so long the Department should have had notice of it. The failure to discover and to protect the public from this hazard constituted negligence for which the Department must respond in damages.

The judgment is reversed with directions to remand the case to the Board for a finding of damages.

MONTGOMERY, Judge (dissenting).

The majority opinion is the most unrealistic decision this court has reached. The effect of the holding is that it is made the duty of the Department of Highways to keep under constant inspection, wet weather or dry, every mile of the many thousands of miles in this state. This includes toll, interstate, federal, primary, secondary, and rural highways. When it rains how often must the Department inspect for slick spots the road up Chicken Gizzard Ridge and over to Possum Trot?

This decision holds that the Department is responsible for any accident attributable to any so-called defective road condition that has existed for eight months because it is presumed that the Department will by then have notice of the condition. The availability of funds for such purpose is not considered.

The opinion is also unsound. In the face of a finding by the Board of Claims, adequately supported by substantive evidence, that the patching was properly done, the opinion disregards the finding. It holds that a dangerous condition developed whenever the road was wet, as if this were not a very common and prevalent condition over much of our highways, even the best, when wet. The opinion says that the alternate basis of liability "is the negligent failure to discover and remedy the defect." Is the Department to be held liable for all roads that become slick when wet? It is admitted that here the condition existed only when the road was wet and that there was no evidence of actual notice to the Department.

Much weight is given some testimony that there had been seven accidents at this point since the road was repaired. Only one was in any way attributed to slipping and none of the others was shown to have occurred while the road was wet, the only time it was claimed to be slippery. Thus, there is no showing as to the cause of the other vehicles going off the road, whether because of careless driving, drunken driving, slick tires, sleepiness, or whatever causes one to run off the road. Such testimony is not a sound basis for the decision.

For these reasons I respectfully dissent.

WILLIAMS, J., concurs.