**OLIVER TRUCKING COMPANY, Inc.,**
**Appellant,**

**v.**

**Thomas HARRIS, George Harris and Dow Corning Corporation, a Foreign Corporation, Appellees.**

Court of Appeals of Kentucky.

May 30, 1969.

Charles T. Walters, Winchester, for appellant.

William G. Reed, Carrollton, for appellees Thomas Harris and George Harris.

Wayne J. Carroll, Louisville, for Dow Corning Corp.

CHARLES M. ALLEN, Special Commissioner.

This is an appeal from a judgment entered pursuant to a jury verdict in favor of the appellees following the submission by the trial court to the jury of the issue of appellees' negligence and the contributory negligence of appellant's driver. The jury found the appellees to be free from negligence and did not express an opinion on the contributory negligence issue.

At about 12:30 a. m. on March 27, 1967, a tractor-trailer truck owned by appellant and driven by Richard Miles collided on US Highway 42 a few miles east of Carrollton with cattle owned by appellees, Thomas Harris and George Harris. Miles stated that he was traveling at a speed of about 40 miles an hour in the west-bound lane and in a westwardly direction when he first saw a cow standing lengthwise on the road in the west-bound lane. He stated that he then swerved to the left and

then collided with various other cattle which belonged to the Harrises. He stated that at the point of impact he was going about 25 to 30 miles an hour and that the force of the impact was so great that the tractor overturned resulting in total loss of the cab and other damages. Appellant proved total damages in excess of $16,000.

Miles was driving on a flat portion of US 42 and would have had an unobstructed view of the cattle for a mile and two-tenths in daylight. He testified that he first saw the cow when he was about 25 feet away and that he had his road lights on. He did not know how far his road lights illuminated the road in front of him but stated that it was foggy and raining at the time of the accident.

The proof offered by the appellees was to the effect that the weather was dry and that the collision occurred in the east-bound lane of US 42. It was shown that there were 90 feet of skid marks laid down by the truck. The point of impact was approximately 18 feet from the northern edge of the highway.

Thomas Harris, one of the owners of the cattle, was notified about 11:45 p. m. or approximately 45 minutes before the collision that some of his cattle had escaped from the enclosure in which they were located on the south side of US 42 and were coming down a driveway from the dairy barn on the farm which led into Highway 42. He immediately arose and drove east over US 42 looking for cattle upon that highway. He then drove to a security gate leading into the plant of appellee, Dow Corning Corporation. He then received more information and drove west to the barn on the Dow Corning farm which was leased by him and his brother and there discovered two wooden boards of the fence next to the barn which had been knocked loose and were lying with their ends towards the ground. There had been 60 cattle located in the pasture enclosed by this fence and by the barn and he found that 10 were missing. He then found two

in the nearby lot and continued his search for the other eight.

Harris then drove to Elmer Tillett's house and asked for his assistance whereupon Tillett went with him east on Highway 42 to a farm owned by Jimmy Cook where they saw 10 head of cattle which were in an unenclosed lot and which belonged to Cook. Having notified Cook of this fact, Harris then returned to the barn where the 52 cattle were now locked up and then drove back towards Highway 42 on the country road leading to its entrance and at that time saw appellant's truck about three-tenths of a mile west in an overturned position.

It is the contention of the appellant that the trial court should have directed a verdict in its favor on the issue of appellees' negligence. Appellant relies upon KRS 259.210(1) and (2) which provide as follows:

"(1) No person shall permit any cattle owned by him or under his control or in his custody, to run at large.

(2) If any damage is committed by cattle permitted to run at large, the owner of the cattle shall be liable for all damages."

Appellant insists that the fence of the appellees was rotten and that a reasonable inspection of the fence would have revealed this. It is contended that since the cattle escaped through the void created by the tearing loose of the two boards on the oak fence of some 50 inches in height and 8 feet in length, it was incumbent upon appellees to come forward with evidence which would exonerate them from the presumption of negligence.

Tom Harris maintained that he had on many occasions climbed over the fence through which the cattle had escaped and that the condition of the fence was good. He stated that the boards were securely nailed to the post. He stated that when he examined the boards following the escape of the cattle, they were still nailed to the

posts on the other end but one end was loose.

This court recently construed the statutes relied upon by appellant in Sparks v. Doe, Ky., 379 S.W.2d 252. In that case there was ample evidence from which the jury could have found that the appellees' fence was in a state of disrepair and had at least one hole through which it was possible for stock to escape. On the other hand there was evidence to the effect that the fence was adequate and in good order and that all of the gates had been closed the night before and still closed immediately after the accident. The court held that there was enough evidence of the exercise of ordinary care by the cattle owner to rebut the presumption of negligence arising from the presence of the cow in the road and affirmed a jury verdict in favor of the cattle owner.

Tom Harris' evidence presented to the jury a question of credibility as to whether or not he had inspected the fence and whether it was in rotten condition at a time prior to the accident when he either knew about it or should have known about it and should have repaired it. We believe that under the doctrine of the Sparks case the trial court properly submitted the issue of appellees' negligence to the jury.

Although appellant claims that the circuit court should have directed a verdict for it because of Tom Harris' failure to locate the cattle during the 45 minutes that ensued between the time that he was awakened and the collision, we believe that the trial court properly submitted this matter for decision by the jury. A trial court should not direct a verdict in favor of a plaintiff or of a defendant unless the evidence is such that reasonable men could draw only one conclusion from it. See Lee v. Tucker, Ky., 365 S.W.2d 849. The evidence was sufficient to warrant the jury in finding that Harris was exercising ordinary care in his efforts to find the cattle after he had discovered their escape.

We have studied the cases cited by the appellant with regards to inspection and particularly the case of Freeport Transport v. Commonwealth, Department of Highways, Ky., 408 S.W.2d 193 and found them to be inapplicable. In the cited case the dangerous condition existed for approximately eight months before the accident occurred. There is no such proof here as to the length of the existence of the defective condition of the fence.

The judgment is affirmed.

All concur.