MARVIN LUBICK, ELDRIE LUBICK, ALICE BURHENNE and JOHN BURHENNE, Plaintiffs

v.

TRAVEL SERVICES, INC., JOHN TETLEY CO., INC., T. M. DONALD TODMAN, and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants

v.

UNITED TOURS, INC., Third-Party Defendant

Civil No. 1981/15

ERICK T. STELLING and DELORES H. STELLING, Plaintiffs

v.

TRAVEL SERVICES, INC., and THEOPHILUS M. TODMAN, Defendants

v.

UNITED TOURS, INC., Third-Party Defendant

Civil No. 1981/37

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 14, 1987

RICHARD HUNTER, ESQ. (ISHERWOOD, HUNTER & COLIANNI), St. Croix, V.I., *for plaintiffs Marvin Lubick, et al.*

ROY E. PARROTT, Assistant Attorney General, St. Thomas, V.I., *for defendant, V.I. Government*

O'BRIEN, *Judge*

## MEMORANDUM AND JUDGMENT

Sitting as the trier of fact in this case, we must decide whether the Government had notice of a dangerous condition in its highways so as to be liable for the plaintiffs' injuries. We find that the Government had no such notice, and we dismiss this action.

## I. STATEMENT OF FACTS

This case arose out of a motor vehicle accident on February 9, 1979. T. M. Donald Todman was operating his 1973 Ford Safari bus with 27 passengers aboard. He had left Drake's Seat and was enroute to Mountaintop traveling up a steep incline on Hull Bay Road. As he was making a sharp left turn on one of the many curves, one of his wheels on the left side caught in what Todman described as a "pothole", and his engine stalled. His transmission was in its lowest gear.

What Todman's vehicle confronted was what Paul Berry, the supervisor of the Roads Division of the Public Works Department defined as an "erosion". Apparently, a portion of the left side of the road at the curve had given away. It was estimated at six to nine inches deep, two feet long and two feet across. Todman had noticed the missing portion of the roadway on prior occasions when traveling Hull Bay Road.

Berry, who lived near the scene of the accident, was on vacation at home at the time. He went to the site after hearing sirens. There was no proof that he had ever seen the condition of the roadway prior to the time of the accident.

Quintin Roberts, the acting superintendent of roads for the Public Works Department, kept records of potholes and other road conditions on St. Thomas as they were reported. He testified that to the best of his knowledge, no "pothole" or "erosion" had ever been reported at that point on Hull Bay Road.

Capt. Mildred Bailey of the Police Department was the police sergeant and traffic supervisor in February 1979. She was at the scene of the accident. She testified that she had not received any complaints about the condition of the roadway at the accident site, although at least two police squad cars passed the site daily.

Todman testified that his vehicle began to slip backward after entering the "pothole" or "erosion", and his brakes were unable to stop the momentum. The vehicle eventually moved back across the road and came to a jarring rest, injuring some of the passengers to varying degrees.

The plaintiffs herein filed actions against various defendants, including Todman and the Government of the Virgin Islands. The case has been settled except for the action against the Government.

The case went to trial before the Court on August 18, 1986, on the claims of various plaintiffs against the Government. The plaintiffs alleged that the Government had either actual or constructive notice of the condition of the road at the site of the accident.

This case turns on whether the Government did have such notice, because even Capt. Bailey conceded that the condition of the roadway, with a portion of the left side of the road eroded away at the sharp curve, was dangerous. Further, she agreed that if the vehicle came into contact with that danger, it unquestionably was a proximate cause of the accident.

## II. DISCUSSION

■■ Ordinary principles of negligence define the duty of care owed by the Government to users of its highways. See e.g., Johnson v. State, 636 P.2d 47, 52 (Alaska 1981). Since there is no evidence that the erosion was caused by the Government's negligence, the Government will only be responsible for damages proximately caused by the erosion if it had notice of the erosion's existence. Id.

It is axiomatic that notice may be express or implied. Bennerson v. Small, 1987 St. X Supp— (D.V.I. App. Div. January 8, 1987). It may be express if the Government had actual knowledge of the existence of the erosion. It may be implied or constructive if the erosion had existed for such a period of time prior to the accident, and was of such an obvious nature that the Government in the exercise of due care should have discovered the erosion, and its potential for causing harm. Johnson, supra at 52; Peters v. State, 400 Mich. 50, 252 N.W.2d 799 (Mich. 1977).

A. *Actual Notice*

■ Both Berry and Roberts testified that they had no knowledge of the erosion in their capacities of supervisor and superintendent of roads respectively. In addition Capt. Bailey testified that no traffic report or complaint had informed the Government of the erosion, nor had the patrols policing Hull Bay Road discovered the condition. In fact, there was no evidence whatsoever that the Government knew of the erosion prior to the accident. Thus, we must find that the Government had no express knowledge of this dangerous condition.

B. *Constructive Notice*

It can be inferred that the erosion had existed for a short time prior to the accident since Todman testified that he passed it on several prior occasions, and Captain Bailey rendered an opinion that the erosion could have been present for a week prior to the accident. No evidence, however, established its duration. Nor was there evidence whether the erosion developed rapidly or slowly. We cannot infer its duration as we would the "potholes" at issue in cases cited by the plaintiff such as, County of Harris v. Eaton, 561 S.W.2d 245 (Tex. Civ. App. 1978), aff'd 573 S.W.2d 177 (Tex. 1978).

Whether or not the erosion had existed for a sufficient length of time need not detain us, however, since there was no evidence that the erosion was of such an obvious nature that the Government

123

should have discovered its existence. As noted above, although the erosion was two feet wide and two feet long, it was located on the far left hand side of the road where the road curved and rose sharply. Because of its location one would not readily be aware of its existence if one drove by, as evidenced by the fact that two patrol cars passed there daily and failed to see the hazard. As the trier of fact we find that the plaintiffs did not meet their burden of showing that the erosion was obvious or that the Government should have recognized it in its exercise of its governmental function of maintaining the roads.[1]

Moreover, there was no evidence that the Government knew or should have known that the roadway at the scene of the accident or similar roadways were susceptible to such erosion.[2] In view of these facts, the existence of the erosion standing alone is insufficient to characterize its nature as obvious. Thus, we cannot say that the Government in the exercise of due care would have discovered its existence.

## III. CONCLUSION

Based on the evidence presented in a trial to the Court we find that the Government had no notice of the erosion which led to the plaintiffs' injuries. The plaintiffs' complaint, therefore, will be dismissed with prejudice.

## JUDGMENT

THIS MATTER having come before the Court on trial to the Court and the Court having entered its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the plaintiffs' complaint against the Government of the

---

[1] The plaintiffs cite Eaton, supra. In that case the pothole spanned the width of the road and was ten inches deep. In the instant action, the evidence established that the roadway was largely unobstructed.

[2] In Peters v. State, the Michigan Supreme Court held that the state's knowledge of the defective nature of a drainage system was sufficient notice for liability to attach even in the absence of knowledge of flooding at the site of the accident. 252 N.W.2d at 803. Here there was no evidence that the Government had knowledge that a defect in Hull Bay Road or similar roadways would make these roads susceptible to erosions such as at issue here. See also Freeport Transport, Inc. v. Commonwealth Dept. of Highways, 408 S.W.2d 193 (Ken. Ct. App. 1966).

Virgin Islands is hereby, and the same, DISMISSED WITH PREJUDICE.