**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**

**v.**

**VALENTINE PANT, personally and as representative of the Estate of TERRY PANT, deceased; DOREEN FRANCIS PANT, personally and as guardian ad litem for her minor children, Appellees**

District Court Civil No. 93-211

Territorial Court Civil No. 903-1990

District Court of the Virgin Islands

Div. of St. Croix

July 6, 1994

W. BARTLETT ARY, ESQ., (Asst. Atty. General, Department of Justice), Christiansted, St. Croix, *for Appellant*

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; KAUFMAN, *Sr. District Court Judge* for the District of Maryland, Sitting by Designation; SWAN, *Judge of the Territorial Court of the Virgin Islands*, St. Thomas Division, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

The Government contends that the Territorial Court's judgment dated June 28, 1993 should be reversed because: (1) the court erred in finding the Government negligent in "failing to post necessary traffic control signs indicating the appropriate speed and warning of the blind driveway on the public roadway;" (2) the court's finding that the Government's alleged breach was the proximate cause of the fatal injuries sustained by appellee Pant was clearly erroneous; (3) the court erred in finding that there was no credible evidence that appellee Pant failed to stop at the intersection; and (4) the trial judge erred in failing to make a Rule 52 finding on the Government's actual or constructive notice of an alleged dangerous condition. For the reasons set forth below, this Court will remand this case for further action in accordance with this opinion.

## FACTUAL BACKGROUND

On June 24, 1990, thirteen year old Terry Pant, riding his bicycle down a private gravel road or driveway into a public road, collided with a car operated by Hansen traveling on the public road. The driveway was at least partially hidden from the roadway by an embankment and vegetation. The boy died from injuries resulting from the collision.

Pant's parents instituted litigation pursuant to the Virgin Islands Tort Claims Act, V.I. Code Ann. tit. 33, § 3408. They alleged that the Government failed to post speed limit signs, failed to post road entrance signs, failed to mark the road appropriately, and failed to design the intersection properly. At the bench trial, and over the Government's objections, the court accepted expert testimony re-

261

garding highway safety on the Virgin Islands, the appropriateness of the speed limits and cautionary signs in a given area on Virgin Islands roads, and vehicle braking distance. Joint Appendix ("J.A.") at 57. The investigating traffic officer also testified regarding speed, visibility, and the residential nature of the area. Contrary to the testimony of the boy's father, both the officer and another witness testified that the bicycle had no brakes the day of the accident. Hansen was the only eye-witness. The parents testified about the conditions of the intersection and about their son's education in bicycle safety.

The trial court found the Government 90% negligent for failing to post necessary traffic control signs and signs warning of a blind driveway. The youth was found 10% contributorily negligent for failure to exercise ordinary care by operating a bicycle without brakes. Judgment was awarded in favor of each parent in the amount of $22,502 on June 28, 1993, including the 10% deduction. This appeal followed.

## DISCUSSION

### THE GOVERNMENT'S NEGLIGENCE AND PROXIMATE CAUSE

■ The appropriate standard of review is that the trial court's findings of negligence and proximate cause are not clearly erroneous. Fed. R. Civ. P. 52(a); Sheet Metal Workers Int'l Ass'n Local 19 v. 2300 Group, Inc., 949 F.2d 1274, 1278 (3d Cir. 1991). Due regard is given to the trial court to judge witness credibility. The appellate court may not substitute its own findings, but may only assess whether enough evidence existed to support the lower court's findings. Cooper v. Tard, 855 F.2d 125, 126 (3d Cir. 1988).

■■ Negligence is the breach of a duty which causes an injury to another. Restatement (Second) of Torts, § 281.[1] V.I. Code Ann. tit. 20, § 1(d) states that the Government has a duty to keep the public roads safe, including warning users of all road hazards such as blind entrances. See Lubick v. Travel Services, Inc., 23 V.I. 120, 123 (D.V.I. 1987) (emphasizing the duty of care owed to motorists).

■■ Having established the Government's duty, we now examine the claimed breach. In its June 28, 1993 Order, the trial judge

---

[1] The Restatement on the Law is the rule of decision absent local law to the contrary. V.I. Code Ann., tit. 1, § 4 (1967). See Perez v. Government of the Virgin Islands, 23 V.I. 220 (D.V.I. 1987) (referring to § 281 in a negligence action).

stated that "[t]he Government's breach[2] was the proximate cause of the fatal injuries sustained by Terry Pant." Joint Appendix ("J.A.") "A." The Government concedes that a blind entrance may have existed and that it did not post warning signs or lower the speed limit.[3] The Government contests, however, that this failure to post signs proximately caused the fatal injuries. The Restatement (Second) of Torts § 431 describes legal cause:

> The actor's negligent conduct is a legal cause of harm to another if
> (a) his conduct is a substantial[4] factor in bringing about the harm, and
> (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

A plaintiff is contributorily negligent if he is also at fault. Restatement (Second) of Torts, § 433A, cmt. f. The Government alleges that appellee had a duty to show that Hansen would have obeyed a lower speed limit had one been posted; that had a road entrance sign been posted, Hansen would have driven more cautiously; and that by driving at a lower speed or being forewarned of the driveway, Hansen would have had enough time to appreciate the danger and react accordingly.[5] Such speculation is not encouraged or required by law.[6]

■ The testimony indicates that had the Government posted a lower speed limit and a warning sign, Hansen may have had

---

[2] The breach the court referred to was the Government's negligence "in failing to post necessary traffic control signs indicating the appropriate speed and warning of the 'blind' drive on the public roadway." Joint Appendix ("J.A.") "A."

[3] Hansen, who did not receive a traffic ticket, was traveling at approximately 35 miles per hour, the legal speed limit on Virgin Islands public roadways outside of town limits unless otherwise posted. V.I. Code Ann. tit. 20, § 494.

[4] 'Substantial' means that a reasonable person would consider the conduct the cause of harm. Restatement (Second) of Torts, § 431, cmt. a, § 433.

[5] Hansen testified that she drives at the assigned speed, and that if warning signs were posted, "[i]t would have made a big difference. I see they (the Government) have now and that makes a difference." J.A. "B" at 41.

[6] Speculation of whether Hansen would have reacted in time to save the boy's life is not dispositive on the theory of negligence, which instead evaluates whether a reasonable person in a similar situation would have been able to avoid the collision.

enough time to avoid the collision.[7] The Government presented no evidence to dispute testimony that the area where the accident occurred was residential in nature or that the speed limit in a residential area is usually posted at 20 miles per hour. Thus, we find no clear error in the court's assessment of negligence and causation.

## TERRY PANT'S FAILURE TO STOP

The third contention presented by the Government on appeal was that the court erred in finding that there is no credible evidence that appellee Pant failed to stop at the intersection. The Government relies on the investigating officer's testimony that he found no skid marks or other evidence that the boy applied his brakes or stopped the bicycle with his feet, contending that there was indeed credible evidence of the decedent's negligence. J.A. "E" at 25. Hansen testified that she did not see the boy until after the collision occurred. J.A. "E" at 35–36.

To justify reversal, this Court must find that the trial court clearly erred in finding no credible evidence that the lack of operable brakes on appellee's bicycle contributed to the collision. While the investigating officer found no physical sign in the gravel driveway of an attempt to stop the bicycle, the rate of the bicycle's speed on the 5 degree incline towards the road was unknown. Moreover, the officer's testimony that he believed that the child failed to stop at the driveway entrance and traveled straight out from the driveway onto the road was speculative, since the officer was not present when the collision occurred. The child may have been traveling slowly when approaching the intersection, and, after noting that there were no cars visible, may have proceeded into the intersection without necessarily coming to a complete halt. Mr. Pant testified that his son was well versed in bicycle safety. While we thus find no error in the trial court's finding that no evidence inculpated Terry Pant's actions, we cannot reconcile this with the judge's ruling that the boy was 10% negligent. There must first be a finding that the child's actions proximately contributed in part to the colli-

---

[7] Common sense implores us to assume that a sign warning of change or posting a lower speed limit would most likely cause a reasonable driver to make a driving adjustment to afford more time and attention to the change in conditions. Even if the collision would still have been unavoidable, the impact at a slower speed might not have resulted in fatal injuries.

sion. This discrepancy requires us to remand this matter for the trial court to make specific findings on the issue of any negligence and proximate cause on the part of appellee Pant.

## THE GOVERNMENT'S ACTIVE OR CONSTRUCTIVE NOTICE

■ Finally, the Government contends that the failure of the trial judge to make a Rule 52 finding on the Government's actual or constructive notice of an alleged dangerous condition requires reversal and remand. Fed. R. Civ. P. 52 states in pertinent part that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon." "Findings of fact must include as much of the subsidiary steps by which the trial court reached its ultimate conclusion on each factual issue." Blue Line Coal Co. v. Equibank, 769 F. Supp. 891, 896 n.7 (E.D. Pa. 1991) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2579, at 710 (1971)). The trial court must "find the facts on every material issue, including relevant subsidiary issues, and . . . 'state separately' its conclusions thereon with clarity." Kruger v. Purcell, 4 V.I. 361, 363, 300 F.2d 830, 831 (3d Cir. 1962) (citations omitted and emphasis added). The findings of fact and conclusions of law must fully inform the appellate court of the bases for the decision. Id.; see also Fehringer v. Bluebeard's Castle, Inc., 6 V.I. 471, 395 F.2d 851 (3d Cir. 1968).

■ Absent a finding of the Government's notice of a defect existing on a public road, the Government cannot be found responsible for damages proximately caused by the defect. Bennerson v. Small, 1987 St. X Supp. —— (D.V.I. App. 1987); Zubick v. Travel Services, Inc., 23 V.I. at 123.

■■ Notice of a dangerous condition can be actual or constructive. In this case, no evidence indicates that the Government obtained actual knowledge that the intersection was hazardous based on obstructed vision. Notice may be implied or constructive if it "existed for such a period of time prior to the accident, and was of such an obvious nature that the Government in its exercise of due care should have discovered the [defect], and its potential for causing harm." Id. at 123; see also V.I. Code Ann. tit. 20, § 1(a) (outlining the Government's duty of care to keep the public roads "in good serviceable condition"). Although the record supports a

265

finding that the Government had implied notice of the condition, no such finding was entered in the trial court's written findings of facts. J.A. "A", "C" at 58–59, "E" at 15, 20–24, 28; Supplemental Appendix at 102–103.

 Where "there is no indication of how the court reached that conclusion or what evidence was considered, and, thus, no basis upon which [an appellate court] can review that conclusion," remand is required. See Scalea v. Scalea's Airport Service, Inc., 833 F.2d 500, 502 (3d Cir. 1987); see also Fehringer v. Bluebeard's Castle, 395 F.2d at 851 (remanding case in which inadequate findings of fact precluded "intelligent review").

This Court has previously been compelled to vacate trial court judgments when the finding was vital to determine liability but it was not recited in the court's findings of facts.

Due to the expanding appellate case load of this Court,

it has become increasingly important for the trial court to enter concise but comprehensive findings of facts in support of its conclusions of law. While almost every appeal includes a transcript of the proceedings below, as well as briefs of trial counsel, it is the decision of the trial court which must be reviewed. Thus, it is imperative that the trial court clearly state its findings that led to its final decision.

Armstrong v. Armstrong, 1978 St. X Supp. 55, 56 (D.V.I. App. 1978). The Third Circuit has chided this Court in the past for its liberal interpretation of this requirement. Priess v. Severe, 22 V.I. 433 (D.V.I. App. 1986) (citing Kruger, 4 V.I. at 363 and Island Construction Corp. v. Danielson, 4 V.I. 426, 316 F.2d 161 (3d Cir. 1963)); see also Carr v. Pena, 432 F. Supp. 828 (D.V.I. App. 1977).

 The lower court's findings of fact fail to indicate whether the Government had notice, a vital prerequisite for judgment to be imposed against it. Although the findings state that the intersection was "blind," afforded "no visibility to either those going onto or traveling on the public roadway," and that no cautionary signs were posted, the conclusion that the Government was negligent in failing to post signs presupposed that the Government had prior

notice of the dangerous condition.[8] The need for a lower court finding regarding notice, an essential element, is vital in a fact-intensive case such as this. Accordingly, we remand this matter for the trial court to augment its findings of facts regarding the question of notice.

## CONCLUSION

For the foregoing reasons, we vacate the Territorial Court's Findings of Facts and Conclusion of Law dated June 28, 1993 and remand this matter for the limited purpose of amending its findings, conclusion, and, as necessary, its Judgment to correspond with the evidence whether appellee Pant failed to stop at the intersection. On remand, the Territorial Court will also enter its findings of facts regarding the Government's actual or constructive notice of the condition of the intersection in question. We affirm the lower court's findings on all other issues. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 6th day of July, 1994, after careful review of the record and having considered the arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;
IT IS ORDERED:
THAT the Territorial Court's Findings of Facts and Conclusions of Law dated June 28, 1993 and its Judgment of same date are REVERSED, and the matter is REMANDED for further proceedings consistent with this Court's Opinion.

---

[8] Testimony revealed that the driveway existed before the public roadway was constructed, implying that the Government had notice of the embankment and the obscured view. The corner was also obscured by vegetation. The evidence did not reveal how long the vegetation existed, although Hansen testified to increased rain fall at that time, which she believed encouraged the vegetation overgrowth. J.A. "B" at 34.