EDWARD "SLIM" FRANCIS, Plaintiff-Appellee

v.

EMERY CONSTRUCTION MANAGEMENT CO., and CHARLES PAVARINI, Defendants-Appellants

Civil No. 1974-382

District Court of the Virgin Islands

Div. of St. Croix

December 10, 1974

KENNETH LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for plaintiff-appellee*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for defendants-appellants*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This is an appeal by defendants George Emery ("Emery") and Charles Pavarini ("Pavarini") from a judgment of the Municipal Court wherein, plaintiff, Edward Francis was awarded judgment against Emery in the amount of $4,775.90 plus costs and $600.00 attorney's fees, against Pavarini in an amount of $500.00 compensatory damages, $1,000.00 punitive damages plus costs and $300.00 attorney's fees.

### I

██ Emery contends that the Municipal Court erred in finding:

"The work which plaintiff had performed up to that time [date of termination] was substantially in accordance with plans and

75

specifications and the contract and had been performed in a workmanlike manner."

An appellant seeking to overturn a finding of fact has a difficult task. The standard of review for this court is set by 4 V.I.C. § 33, which provides as follows:

Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the Municipal Court to judge the credibility of witnesses.

See Gordon v. Elskoe, 7 V.I. 144, 295 F.Supp. 909 (D.V.I. 1969). I have examined the record in this case which contains a direct clash of testimony on the workmanlike nature of plaintiff's performance. The trial judge is in the best position to weigh the credibility of witnesses, and I am not persuaded that the Municipal Court's finding is clearly erroneous.

II

Emery also contends that he was justified in terminating plaintiff's services because of plaintiff's anticipatory breach of the contract. According to Emery, the contract required plaintiff to fill the blocks of the walls of the x-ray room with mortar and plaintiff stated he would not fill the blocks. The Municipal Court did not make essential findings of fact as to the duty of plaintiff to fill the blocks or as to whether he said he would not do it. Although plaintiff's services were terminated prior to the construction of the x-ray room, Emery might be justified in treating plaintiff's statement as an anticipatory breach. The finding of the ultimate fact that plaintiff's termination was unjustified is insufficient in this case, and the case will be remanded so that the Municipal Court may make findings on the subsidiary facts relevant to the question of anticipatory breach. 5 V.I.C. App. IV. R. 7; Fed. R. Civ. Proc. 52(a); see Wright and Miller, Federal Practice and Procedure § 2579.

# III

■ The judgment against Pavarini, relates to an incident which occurred June 8, 1974, at the construction site. The contractor had an agreement with Camsco, a local producer of concrete blocks, for the supply of masonry blocks needed in the construction, but it was necessary to purchase special column blocks from another block producing company because Camsco could not supply these special column blocks. Pavarini, the contractor's superintendent, came onto the job site on June 8 and saw a truckload of ordinary blocks from Spartan. He thought plaintiff was responsible for this breach of the supply agreement. He said to plaintiff, "[Y]ou shithead, who the fuck told you to order blocks from Spartan". The Municipal Court found that this statement was slanderous, per se, tending to lower the business reputation of plaintiff and that its utterance was malicious.

Pursuant to 1 V.I.C. § 4, the Restatement of Torts, § 573 provides the rule of decision in this jurisdiction as to what statements referring to a person's trade are actionable without proof of special damages. That section provides as follows:

"One who falsely and without a privilege to do so, publishes a slander which ascribes to another conduct, characteristics or a condition incompatible with the proper conduct, characteristics or a condition of his lawful business, trade, profession or of his public office whether honorary or for profit, is liable to the other."

The application of this legal concept to the facts of this case is a question of law rather than a question of fact. See Wright and Miller, §§ 2588 and 2589. Therefore, I must decide whether the Municipal Court's application of the legal concept of slander, per se to the statement of Pavarini was correct rather than whether the court's findings were clearly erroneous. I find comment (e) under § 573 to be

77

particularly enlightening in interpreting § 573. That comment states:

"Disparaging words to be actionable per se under the rule stated in this Section, must affect the plaintiff in some way which is peculiarly harmful to one engaged in his trade or profession. Disparagement of a general character, equally discreditable to all persons, is not enough unless the particular quality disparaged is of such a character that it is peculiarly valuable in the plaintiff's business or profession."

It is unpleasant to suffer an excrementitious epithet pertaining to one's cerebellum and I do not mean to condone the all-too-prevalent use, in these days, of rough, vulgar and excremental language. However, I do not believe that words of general and vulgar abuse are actionable per se. The epithet applied to plaintiff implies a lack of intelligence on his part. Intelligence is a valuable asset in any trade or profession, but it is not "peculiarly valuable" to masonry sub-contractors. This statement was one of general disparagement, equally discreditable to all persons. Therefore, the utterance is not actionable per se. No evidence was presented of special damages incurred by plaintiff due to the statement of Pavarini, and the fact that plaintiff had been continuously employed as a contractor since his termination by Emery belies any special damages. Since no damages were proven, there is no actionable slander.

ORDER

For reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED, DECREED and ADJUDGED:

1. That the judgment of the Municipal Court holding George Emery liable to Edward Francis in the sum of $4,775.90 plus attorney's fees and costs, be REVERSED and REMANDED for further proceedings as directed by this opinion; and

2. That the judgment of the Municipal Court, holding Charles Pavarini liable to Edward Francis in the sum of $1,500.00 plus attorney's fees and costs, be REVERSED and REMANDED for the entry of judgment by the Municipal Court dismissing the complaint as to defendant PAVARINI and awarding to him attorney's fees in the sum of $300.00.