**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**v.**

**LOUIS O'GARRO, Appellant**

D.C. CRIM. APP. NO. 1998/016

District Court of the Virgin Islands

Division of St. Croix

November 29, 1999

MARTIAL A. WEBSTER, ESQ., St. Croix, U.S.V.I., *for Appellant*

JOEL H. FELD, ESQ., *Virgin Islands Dept. of Justice,* St. Thomas, U.S.V.I., *for Appellee*

FINCH, *Chief Judge,* MOORE, HODGE, MOORE, *Judge*

### OPINION OF THE COURT

FINCH, Chief Judge.

Louis O'Garro brings this appeal following a felony conviction pursuant to a guilty plea and raises the following issues: 1) whether the court abused its discretion in denying appellant's motion to withdraw his guilty plea; and 2) whether the failure of trial counsel to advise appellant that a felony conviction would result in automatic loss of his job constituted ineffective assistance of counsel. At the outset, we must resolve the issue of jurisdiction based on the timeliness of the appeal, which has been raised by the Government of the Virgin Islands ["government"] in this case. For the reasons stated below, this appeal will be dismissed as untimely.

### FACTS AND PROCEDURAL BACKGROUND

Louis O'Garro ["O'Garro" or "appellant"] was charged with second-degree burglary; third-degree assault; aggravated assault

171

and battery; destruction of property; and third-degree assault. The charges stemmed from an altercation with Donna Nash ["Nash"], a former girlfriend, during which appellant struck both Nash and her friend, Garry Nicholas ["Nicholas"], with a rock.

Appellant pled guilty to third-degree assault in connection with the injury to Nash, and the other charges were dismissed. After making its inquiries under FED R. CRIM. P. 11, the trial court found O'Garro competent to enter a guilty plea and that the plea was voluntary and knowing. Prior to sentencing, O'Garro filed a motion to withdraw his guilty plea stating that he had entered the plea to spare his 18-month-old daughter and her mother the embarrassment of a trial, was suffering psychological trauma, and now wanted to assert a self-defense claim before a jury. After a hearing, the trial judge denied appellant's motion to withdraw the guilty plea. Appellant was sentenced on January 14, 1998 to five years, with two and one-half years suspended and three years supervised probation. O'Garro, an officer at the Bureau of Corrections, faces automatic termination from that position as a result of his felony conviction. Appellant filed his notice of appeal on January 28, 1998.

## DISCUSSION

### Timeliness of Appeal

The Federal Rules of Appellate Procedure require that a notice of appeal be filed within 10 days after entry of judgment or order. FED R. APP. P. 4(b). This requirement must be read in concert with the Local Rules of Civil Procedure, which provide in relevant part that:

Practice in the Appellate Division of the District Court of the Virgin Islands of the United States shall conform to the fullest possible extent with the practice in the court of Appeals for the Third Circuit, and shall be governed by the Federal Rules of Appellate Procedure . . . .

172

L. R. Civ. P. 76.1.[1] The federal rules further provide that in computing time when the period is less than seven days, exclude intermediate Saturdays, Sundays and legal holidays. FED. R. APP. P. 26(a) (emphasis added). Appellant filed this appeal on January 28, 1998, 14 days after the judgment was entered. Under the applicable federal rules, this appeal was untimely and is, therefore, improperly before this Court.

## CONCLUSION

For the reasons stated, this appeal is dismissed.

MOORE, *J.*, concurring.

I write separately to remind counsel that appeals from the Territorial Court to the Appellate Division of the District Court of the Virgin Islands are no longer governed by the Federal Rules of Appellate Procedure ["FRAP"].

Specifically, this case demonstrates the significance of the promulgation by the Appellate Division of the Virgin Islands Rules of Appellate Procedure ["VIRAP"] on November 1, 1998. Appellant's notice of appeal would have been timely if the VIRAP had been in effect at the time it was filed. VIRAP is a comprehensive and self-contained set of rules governing appeals from the Territorial Court to the Appellate Division of the District Court of the Virgin Islands. One of the aims of VIRAP was to reduce, if not eliminate, any confusion caused by inconsistencies and outright conflicts between the time calculations applicable to proceedings in the

---

[1] This appeal was filed prior to the promulgation of the Virgin Islands Rules of Appellate Procedure on November 1, 1998 which provide in relevant part that:

For purposes of the Appellate Division, in computing any period of time prescribed or allowed by these Rules, by an order of the Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Appellate Division inaccessible, in which event the period runs until the next day which is not one of the aforementioned excluded days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation. . . .

V.I. R. APP. P. 16(b); TERR. CT. R. 9. Had the Virgin Islands Rules of Appellate Procedure been effective, this appeal would have been timely filed.

Territorial Court under its Rules and FRAP. Since this appeal was filed before November 1, 1998, it is governed by FRAP.[2] FRAP 4 required that appellant's notice of appeal be filed within ten **calendar** days after entry of judgment or order. *See* FED R. APP. P. 4(b).[3] Since appellant filed his appeal on January 28, 1998, fourteen **calendar** days after the judgment was entered, his appeal was untimely and this Court is without jurisdiction to consider it. This appeal would have been timely if VIRAP had been in effect, because VIRAP 16(b) extends the exclusion of weekends and holidays to time periods of ten days.[4]

## ORDER OF THE COURT

FINCH, *Chief Judge*

AND NOW this 29 day of November, 1999, having considered the arguments and submissions of the parties, and for the reasons set forth in the Court's accompanying opinion of even date, it is hereby

ORDERED AND ADJUDGED that this appeal is DISMISSED as untimely.

---

[2] *See* LRCi 76.1 ("Rules of Practice in Appellate Division: Practice in the Appellate Division of the District Court of the Virgin Islands of the United States shall . . . be governed by the Federal Rules of Appellate Procedure . . . .") (in effect from July 21, 1992 until November 1, 1998).

[3] Weekends and holidays are not excluded for FRAP 4's time period of 10 days. *See* FED. R. APP. P. 26(a) ("When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.") (emphasis added).

[4] *See* V.I. R. APP. P. 16(b) ("When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation."). Appellant may well have been confused by the more liberal rule operating in the Territorial Court, which allows the exclusion of intermediate Saturdays, Sundays and holidays when a pleading must be filed within 10 days. *See* TERR. CT. R. 9 ("When a period of time prescribed or allowed by these rules is less than **eleven** days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation.") (emphasis added). With the promulgation of VIRAP, there is no longer any confusion or conflict in the rules governing trial and appeal of local matters.