## KATHLEEN AMBROSE, Appellant
### v.
## NATIONAL FOODS DISCOUNT, Appellee

D.C. Civ. App. No. 1997-027

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 17, 2000

DESMOND L. MAYNARD, ESQ., St. Thomas, VI, *for Appellant*

JAMES L. HYMES, ESQ., Hymes & Zebedee, P.C., St. Thomas, VI, *for Appellee*

FINCH, *Chief Judge*, MOORE, STEELE, *Sitting by Designation*

### MEMORANDUM OPINION

PER CURIAM

### I. INTRODUCTION

The appellant in this matter, Kathleen Ambrose ["Ambrose" or "appellant"] contends that the Territorial Court improperly granted summary judgment in favor of the appellee, National Foods Discount ["National Foods" or "appellee"]. For the reasons set forth below, the Court will affirm the Territorial Court's judgment.

## II. FACTS

On May 9, 1992, Ambrose entered National Foods Discount, a discount food store then located in Estate Thomas, to purchase vegetables and canned carrots. (Appendix ["App."] at 49.) Ambrose regularly shopped at National Foods and was familiar with the store's practice of stacking boxes of overstocked goods in or near the aisles of the store. This practice allowed the store to keep its prices lower than other stores because it did not have to employ a regular stock clerk to continually stock the shelves. Instead, the boxes were left in or near the aisles and customers knew to remove items from the boxes if the shelves were empty. Store employees would empty and remove boxes as time permitted but not on a regular basis.

On May 9, 1992, National Foods placed a single box or carton in the canned vegetables aisle. Ambrose entered the store and proceeded down this aisle, walking by the box as she did so. (*Id.*) She removed four cans of carrots from the shelf, turned, and walked back toward the front of the store to the cash register, again passing the box on the floor as she did so. (*Id.*) She questioned the cashier to verify the price of the cans (two for one dollar). After the cashier confirmed the price, Ambrose told the cashier to ring up four more cans, and that she would go get the four additional cans. (*Id.*) She then walked down the aisle and, for the third time, safely passed by the box sitting in the aisle. (*Id.*) Appellant retrieved an additional four cans from the shelf.

As Ambrose returned to the cashier, passing through the aisle for a fourth time, she met another customer in the aisle walking toward her. Ambrose moved to the other side of the aisle because the other customer "was coming and [Ambrose] was going, she was coming on that side and [Ambrose] was going on this side . . . . [Ambrose gave] her the right because she's coming on that side. It's like driving, one side to the next." (*Id.* at 49-50.) As Ambrose continued walking toward the cash register, she admitted that she "forgot about that box" and tripped over it. (*Id.* at 49.) Ambrose fell and allegedly sustained numerous physical injuries to her back, shoulder, hip, and other parts of her body, as well as suffering "severe embarrassment, humiliation, emotional distress and mental anguish." (*Id.* at 2 (Complaint).)

Ambrose filed suit against National Foods on August 7, 1992, in the Territorial Court, alleging National Foods' negligence resulted in her injuries and seeking recovery accordingly. Ambrose asserted that National Foods was negligent by: 1) "placing the carton in an area which was reserved by [National Foods] for use as a walkway by customers, including [Ambrose];" (2) "allowing the carton to remain in the aisle unattended;" (3) "failing to place signs warning customers, including [Ambrose], of the carton and the danger it posed;" (4) "failing to provide adequate protection against said carton;" (5) "failing to remove the carton in a timely manner;" and (6) "failing to take actions necessary to avert the incident." (*Id.* at 3 (Complaint).)

National Foods filed a motion for summary judgment on August 3, 1995, asserting that it did not owe Ambrose any duty to warn about open and obvious conditions and that Ambrose had assumed the risk of her injuries. (*Id.* at 98 (Defendant's Motion for Summ. J. at 1).) On December 27, 1996, the Territorial Court granted National Foods' motion for summary judgment, finding that Ambrose knew of the risks in shopping at National Foods, (*id.* at 137), and that National Foods owed no duty to her as a matter of law, (*id.* at 139). Ruling on a motion to reconsider, the court again found in favor of National Foods and dismissed Ambrose's complaint on January 24, 1997. (*Id.* at 160.)

Appellant filed her timely notice of appeal on January 28, 1997. (*Id.* at 161.) Ambrose also filed a bond for costs on appeal in the amount of $1,000, as ordered by the Territorial Court. (*Id.* at 163-64.)

## III. DISCUSSION

This Court has jurisdiction to review the judgments and orders of the Territorial Court in all civil cases. V.I. CODE ANN. tit. 4, § 33. The Court's review of questions of law is plenary. *Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995). Summary judgment is appropriate only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

In the absence of local law to the contrary, the American Law Institute's various Restatements of Law are the rules of decision in

231

the Virgin Islands. 1 V.I.C. § 4. Pursuant to section 343 of the RESTATEMENT (SECOND) OF TORTS ["RESTATEMENT"], National Foods was subject to liability for physical harm caused to its invitees by a condition present in its store.[1] Section 343, however, must be read in conjunction with section 343A, which limits National Foods' exposure to liability. RESTATEMENT § 343 cmt. a. Section 343A(1) provides that a

> possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. . . .

Accordingly, except for certain exceptional situations, which are discussed *infra*, a business invitee who understands the risk of harm to herself and still voluntarily chooses to enter the area of risk, implicitly. assumes the risk of injury.[2] It is enough that an invitee such as Ambrose understood that to enter the area was dangerous. She did not have to know the exact harm she could potentially suffer.[3]

By her own statements at her deposition, Ambrose admitted that she knew the risks associated with shopping at National Foods. (*See* App. at 49, 60-61.) She clearly was aware of its practice of stacking boxes in the aisles. More specifically, on the day of the incident, Ambrose knew that National Foods had placed a single box in the canned vegetable aisle and that it posed some degree of risk to her, since she had knowingly stepped around it three times before tripping over it. (*Id.* at 54.)

Section 343A, however, imposes liability on the possessor of the land in certain situations even if the business invitee is aware of a

---

[1] Both parties agree that Ambrose was a business invitee. *See* RESTATEMENT (SECOND) OF TORTS § 332 ["Restatement"] (defining "business invitee").

[2] *See also* RESTATEMENT -RC § 496C:

> [A] plaintiff who fully understands a risk of harm to himself or his things caused by the defendant's conduct or by the condition of the defendant's land or chattels, and who nevertheless voluntarily chooses to enter or remain within the area of that risk, under circumstances that manifest his willingness to accept it, is not entitled to recover for harm within that risk.

[3] *Accord Monk v. Virgin Islands Water & Power Auth.*, 53 F.3d 1381, 1388 (3d Cir. 1995).

known hazard on the land. These situations include instances where the "invitee's attention is distracted, so that he will not discover what is obvious or will forget what he has discovered, or fail to protect himself against it." RESTATEMENT § 343A cmt. f. The Restatement recites several examples in which the possessor would be liable for the invitee's injuries. Of relevance to Ambrose's claim against National Foods are the following:

> 2. The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.
> 3. The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B.

*Id.* § 343A cmt f. illus. 2 & 3. Ambrose cannot rely on either of these examples. Ambrose cannot claim she was distracted by any action of National Foods. Unlike the Restatement's illustration, Ambrose was not looking at a display at the time of the incident. Rather, she knew exactly what item she wanted to purchase and where it was located in the store, she did not want to buy anything else, and she did not stop to look at anything else. In fact, during her first three trips through the same aisle, she did not trip over the box, instead she saw the box and stepped around it. The only difference on her fourth trip through the aisle was the presence of the other customer but there is no evidence that there was anything distracting about this other customer.

Ambrose also cannot rely on the "forgetfulness" exception offered by illustration 3 to comment f. Ambrose passed by the hazard, the box in the aisle, and was aware of it three times in the

233

minutes, if not the seconds, before the incident. National Foods could not reasonably anticipate that Ambrose would forget about the box on her fourth trip through the aisle, less than ten minutes after she first entered the store.

█ The determination of whether an invitee voluntarily assumed the risk is normally a question of fact properly decided by a jury. In situations, however, where a reasonable jury could not differ as to the result, a court may determine the issue. *Id.* § 496D cmt. e. In light of the circumstances presented, the Territorial Court properly withdrew the issue from the jury's consideration upon the determination that a reasonable jury could only have found that Ambrose assumed the risk of the box in the aisle and that, given the circumstances, National Foods could not reasonably have anticipated that Ambrose would trip over the box in the aisle.

## V. CONCLUSION

Ambrose was aware of the dangerous condition present in National Foods' store. As a regular shopper, she knew of the store's practice of stacking boxes in the aisles. Moreover, on the day in question, she was aware that the store had placed one box on the floor in the canned vegetable aisle from her several previous trips through that aisle immediately before she fell. As a matter of law, Ambrose could not claim either the memory or distraction exceptions that would render National Foods liable for her injuries under the undisputed facts of this case. Accordingly, the Territorial Court's order granting summary judgment in favor of National Foods will be affirmed.

ENTERED this 17th day of March, 2000.

## ORDER

PER CURIAM

For the reasons set forth in the accompanying Memorandum Opinion of even date, it is hereby

ORDERED that the January 24, 1997, summary judgment of the Territorial Court is AFFIRMED. It is further

ORDERED that, pursuant to V.I. R. App. 32, the Clerk shall issue the mandate to the Clerk of the Territorial Court twenty-one days after entry of this judgment and then shall CLOSE this file.

ENTERED this 17th day of March, 2000.