Anderson POLEON, Appellant,

v.

GOVERNMENT of the VIRGIN ISLANDS, Appellee.

D.C. CRIM. APP. NO. 2000/033.

District Court, Virgin Islands, D. St. Croix.

Considered March 30, 2001.

Filed Jan. 3, 2002.

Martial A. Webster, St. Croix, U.S. Virgin Islands, for Appellant.

Michael Law, AAG, St. Thomas, U.S. Virgin Islands, for Appellee.

Before Raymond L. FINCH, Chief Judge, District Court of the Virgin Islands; Thomas K. MOORE, Judge of the District Court of the Virgin Islands; and Ive A. SWAN, Territorial Court Judge, Division of St. Thomas and St. John, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

Anderson Poleon was charged in the Territorial Court with negligent operation of a vehicle pursuant to V.I. CODE ANN. tit. 20, § 503. In this appeal arising out of that traffic matter, the following issues are presented for review. First, whether this appeal was timely filed. Second, whether there is sufficient evidence to support the judgment of conviction beyond a reasonable doubt. Third, whether the trial court abused its discretion by excluding testimony of Police Officer Akil Newton.

### I. FACTS

At approximately 4:30 a.m. on March 26, 1999, Police Officer Anderson Poleon ("appellant" or "Poleon") was operating a police vehicle in an easterly direction on Queen Mary's Highway in the vicinity of Sun Self Storage and McDonald's Restaurant. Police Officer David Stephens ("Stephens") was a passenger in the vehicle operated by Poleon.

Jose Rivera ("Rivera") entered onto Queen Mary's Highway from North Shore Road through the green traffic light at the intersection, and was driving in an easterly direction ahead of Poleon. No vehicles were approaching in the westbound lane. Shortly thereafter, Poleon, who had been traveling east on Queen Mary's Highway, also passed through the traffic light. As Poleon traveled through the green traffic light with neither a siren nor flashing lights, he saw Rivera's vehicle ahead. Po-

leon and Rivera presented two different scenarios.

Rivera testified that although he did not come to a full stop before turning, he yielded with his right turn signal on before attempting to proceed across the westbound lane. Poleon attempted to overtake Rivera as he was turning into the westbound lane, and Poleon's right front bumper collided with the Rivera's left rear bumper. (Appendix of Appellant ("App.") at 26.)

Poleon's witness, Stephens, testified that he saw Rivera's vehicle moving in an easterly direction on the left shoulder of the road as though he was going to turn left into McDonald's. Poleon attempted to overtake in the eastbound lane. Instead of turning left, however, Rivera made a sudden right turn from the shoulder of the road into the eastbound lane attempting to cross the westbound lane toward Sun Self Storage. Poleon applied the brakes, but collided into the rear driver's side of Rivera's vehicle. Upon impact, Rivera's vehicle traveled about 100 feet, and Poleon's vehicle slammed into a tree on the shoulder of the eastbound lane.

The Government of the Virgin Islands ("government") charged Poleon with negligent driving in violation of 20 V.I.C. § 503. After a bench trial on March 23, 2000, the trial judge found that Poleon had been negligent in operating his vehicle and entered judgment in favor of the government. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

■ This Court has appellate jurisdiction to review judgments and orders of the territorial court "in all criminal cases in which the defendant has been convicted, other than on a plea of guilty." 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954.[1]

■ The appropriate standard of review is whether the trial court's finding of negligence is clearly erroneous. *Arroyo v. Bradshaw*, Civ. No.1998/159, 2000 WL 1738388, at *1 (D.V.I.App.Div. Jun. 1, 2000) (citing *Government of the Virgin Islands v. Pant*, Civ. 93–211, 1994 WL 371420 (D.V.I.App.Div.July 6, 1994)). "Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the territorial court to judge the credibility of the witness." 4 V.I.C. § 33. This appellate court may not substitute its own findings, but may only assess whether enough evidence existed to support the lower court's findings. *Arroyo*, 2000 WL 1738388, at *1; *Francis v. Emery Constr. Mgt. Co.*, 11 V.I. 74 (D.V.I.App.1974).

■ We review the trial judge's decision to exclude the lay opinion testimony of Police Officer Akil Newton ("Newton") for abuse of discretion. *See Government of Virgin Islands v. Sampson*, 42 V.I. 247, 94 F.Supp.2d 639 (D.V.I.App.Div.2000). Questions of law are subject to plenary review. *Ambrose v. National Foods Discount*, 2000 WL 302694 (D.V.I.App.Div. Mar. 17, 2000).

### B. This Appeal is Timely.

The judgment at issue in this matter was entered on March 23, 2000. Appellant filed his notice of appeal on April 5, 2000. Inexplicably, the local government would rather apply federal rules than the Virgin Islands Rules of Appellate Procedure, which this Court promulgated on Novem-

---

1. The Revised Organic Act of 1954 is found at 48 U.S.C. § 1613a (1994), *reprinted in* V.I. CODE ANN., Organic Acts, 73–177 (codified as amended) (1995 & Supp.2000) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

ber 1, 1998, to govern the procedure in all appeals from the Territorial Court to the Appellate Division of the District Court of the Virgin Islands. *See* V.I. R. APP. P. 1(d) ("These Rules are promulgated pursuant to the authority granted by V.I.Code Ann. tit. 4, §§ 33 & 34, as enabled by section 23A(a) & (b) of the Revised Organic Act of 1954; 48 U.S.C. § 1613a (a) & (b)."). The Virgin Islands Rules of Appellate Procedure were promulgated as "a comprehensive and self-contained set of rules governing appeals from the Territorial Court to the Appellate Division [designed] ... to reduce, if not eliminate, any confusion caused by inconsistencies and outright conflicts between the time calculations applicable to proceedings in the Territorial Court under its Rules and FRAP." *See Government of the Virgin Islands v. O'Garro*, 190 F.R.D. 168, 170 (D.V.I.App. Div.1999) (finding that appellant's notice of appeal filed before November 1, 1998 was untimely pursuant to FED. R. APP. P. 26(a), but that appeal would have been timely if filed after the promulgation of the local appellate rules) (Moore, J., concurring).

At the time this appeal was filed, Rule 26(a) of the Federal Rules of Appellate Procedure required that intermediate Saturdays and Sundays be counted in computing the ten-day appeal period, whereas Rule 16(b) of the Virgin Islands Rules of Appellate Procedure excluded intermediate Saturdays, Sundays and legal holidays for periods of less than eleven days.[2] Ob-

viously, this appeal is timely if computed pursuant to V.I. R. APP. P. 16(b), but not if calculated per FED. R. APP. P. 26(a).

Even before the proposed amendment to the time calculations of Rule 26, discussed below, the Federal Rules of Appellate Procedure already had

> lost some of the uniformity that they were designed to achieve. In many respects, the practitioner will find practices differing from circuit to circuit.... To find those differences, counsel must examine not the supposedly uniform Appellate Rules, but the parochial rules of the circuit before which he or she is practicing.

16A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3993 (3d ed.1999).

In August 2000, the Advisory Committee on Appellate Rules of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States proposed an amendment which would conform FED. R. APP. P. 26(a)(2) to V.I. R. APP. P. 16(b) by excluding Saturdays, Sundays, and legal holidays from the computation of time when the period is less than eleven days. The proposed committee note to subdivision (a)(2) gives the reason for the amendment as follows:

> The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure compute time differently than the Federal Rules of Appellate Procedure. Fed.R.Civ.P. 6(a) and Fed.

---

2. The Virgin Islands Rules of Appellate Procedure provide in relevant part that:

> **(b) Computation of Time.** For purposes of the Appellate Division, in computing any period of time prescribed or allowed by these Rules, by an order of the Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or,

> when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Appellate Division inaccessible, in which event the period runs until the next day which is not one of the aforementioned excluded days. *When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.*

V.I.R. APP. P. 16(b) (emphasis added).

R.Crim.P. 45(a) provide that, in computing any period of time, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." By contrast, Fed. R.App. P. 26(a)(2) provides that, in computing any period of time, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Thus, deadlines of 7, 8, 9, and 10 days are calculated differently under the rules of civil and criminal procedure than they are under the rules of appellate procedure. **This creates a trap for unwary litigants. No good reason for this discrepancy is apparent, and thus Rule 26(a)(2) has been amended so that, under all three sets of rules, intermediate Saturdays, Sundays, and legal holidays will be excluded when computing deadlines under 11 days but will be counted when computing deadlines of 11 days and over.**

FED. R. APP. P. 26(a) (amend. proposed Aug. 15, 2000) (emphasis added).

■ Although somewhat ahead of its time, this Court eliminated this trap for unwary litigants, harmonizing its appellate rule with all the other rules of procedure[3] by excluding intermediate Saturdays, Sundays and legal holidays in V.I. R. APP. P. 16(b). The local rule is a valid exercise of the Court's authority. For the above-stated reasons, we hold that Poleon's notice of appeal was timely filed.

## C. The Evidence was Sufficient to Find Poleon Guilty of Negligent Operation of a Motor Vehicle.

Poleon contends that because a violation of 20 V.I.C. § 503 is penal in nature, the government has the burden of not only rebutting the presumption of innocence, but also of convincing the trier of fact of guilt beyond a reasonable doubt. Poleon further contends that the judgment of conviction is not supported by the evidence since the evidence of the defective braking was uncontested, and the trial court could not find beyond a reasonable doubt that Poleon operated the vehicle in a negligent manner. The government argues that Poleon's conviction is supported by the evidence beyond a reasonable doubt.

The Virgin Islands Code provides in relevant part that:

It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this Territory. . . . in such a manner as to endanger or be likely to endanger any person or property.

20 V.I.C. § 503. The trial judge listened to the testimony of the witnesses, examined the arguments of both parties, and was in the best position to weigh witness credibility. He found in relevant part as follows:

The witness Rivera was traveling from west to east on the Queen Mary Highway in the vicinity of the LaReine–McDonald gas station. The defendant was traveling west to east somewhat to the rear of the witness Rivera. That the defendant attempted to overtake the witness Rivera and failed to observe that witness Rivera had on a right turn signal.

When the witness Rivera made his right turn, the defendant ran into the rear of witness Rivera['s] vehicle. And I make that conclusion from several factors.

---

**3.** For example, the rules of the Territorial Court provides that "[w]hen the period of time prescribed or allowed by these rules is less than eleven days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation." TERR. CT. R. 9.

Number one, the testimony of Officer Poleon would indicate that after he pass[ed] through the light at the LaReine intersection he saw a vehicle that he described as being off on the shoulder of the road and he attempted to overtake it when the vehicle made a sudden right turn. If the vehicle is off the shoulder of the road, Officer Poleon['s] vehicle would not be in the westbound lane. Because if the vehicle is off the shoulder of the road, there would be no reason for him to go over in the westbound lane. He could continue in his lane of travel.

I find that the defendant Rivera was in the eastbound lane and Officer Poleon attempted to overtake his vehicle when the witness Rivera made the right turn causing Officer Poleon to react and turn to the left to avoid hitting the witness Rivera's vehicle, thereby hitting it in the left rear while both vehicles were in the west bound lane.

I find that the cause of the accident was the defendant's failure to observe the right turn signal which is [sic] not been denied in this case, on the vehicle operated by Mr. Rivera. And therefore, he did not maintain the proper control, seeing the vehicle making a right turn, and he collided into the rear.

I find the defendant guilty as charged.

(App. at 65–66.)

■ To satisfy the elements of the statute the government had to prove beyond a reasonable doubt that Poleon operated a motor vehicle in a negligent manner over and along a public highway, and that he operated the vehicle in such a manner as to endanger or be likely to endanger any person or property. *See Government of the Virgin Islands v. Ruiz*, 20 V.I. 439, 442–43 (Terr.Ct.1984). The government met its burden of proof in this case, and we reject Poleon's argument that the government had to prove beyond a reasonable

doubt that the brakes were not defective. The record before this Court is devoid of any facts which create a definite and firm conviction that a mistake has been committed in finding Poleon guilty of the negligent operation of a vehicle. The trial judge resolved evidentiary conflicts against Poleon, and that decision is not clearly erroneous.

### D. The Trial Judge Did Not Abuse His Discretion by Excluding Testimony of Lay Opinion Witness, Police Officer Akil Newton.

Poleon relies upon Federal Rules of Evidence 401 and 403 to argue that the trial judge abused his discretion in excluding Newton's testimony. The government counters that when "evaluated in the light of facts that are consequential to the action and in light of logic and experience," Newton's testimony would have been too remote and dissimilar to be probative of the offense charged. (Reply Brief of Appellee at 16–17 (citation omitted).)

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Moreover, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

On direct examination by defense counsel, Newton testified that while on patrol with the police department he drove a 1998 Chevy Blazer, and the following discussion ensued:

Q Did you have an occasion to be involved in an accident in one of those vehicles?

A Yes.

Q   Tell the Court-

MR. CARR: Objection, Your Honor.

THE COURT: What is the relevancy?

MR. WEBSTER: The relevance, Your Honor, is that my client is charged with failure to maintain proper control of a vehicle, not the charge of negligent driving. And this officer is going to tell you he drives one of those vehicles. He got involved in an accident in one of those vehicles because the anti system— the anti brakes system locked up causing the car to careen.

THE COURT: It is not relevant to this case.

MR. WEBSTER: It is relevant to the defense.

THE COURT: It does not involve the same vehicle.

(Brief of Appellant at 51–52.)

This Court must review evidentiary rulings for abuse of discretion, giving the trial judge substantial discretion when striking a Rule 403 balance. *Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 110 & n. 10 (3d Cir.1999). A trial judge's decision to admit or exclude evidence under FED. R. EVID. 403 may not be reversed unless it is arbitrary and irrational. *Id.* (citing *U.S. v. Eufrasio*, 935 F.2d 553, 572 (3d Cir.1991); *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990)). "An abuse of discretion is a clear or obvious error of judgment that must affect substantial rights, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen v. Allen*, 118 F.Supp.2d 653, 656 (D.V.I.App.Div.2000). "Even if such abuse of discretion is found, reversal is not warranted if the error was harmless." *Id.* at 656–57 (citation omitted).

In this bench trial, the judge was the fact finder, and this appellate court will not overlook the substantial discretion trial judges have in making Rule 403 determinations. The Court finds that the trial judge did not err in excluding Newton's testimony on the basis of relevance. Moreover, assuming arguendo that the testimony was relevant, its exclusion was harmless.

## III.   CONCLUSION

For the reasons stated, this Court affirms the Judgment against Anderson Poleon.