**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**REUBEN VIGILANT, Defendant**

Criminal No. F25/1999

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

May 15, 2002

LOFTON P. HOLDER, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, V.I., *Attorney for Plaintiff*

CLIVE RIVERS, ESQ., St. Thomas, V.I., *Attorney for Defendant*

HODGE, *Judge*

## MEMORANDUM OPINION

(May 15, 2002)

Before the Court is Defendant's "Motion to Allow Late Notice of Filing of Appeal," presumably pursuant to Rules 4 and 5 of the Virgin

Islands Rules of Appellate Procedure. Because this Court does not have jurisdiction to entertain a request for an extension of time to file a notice of appeal, Defendant's Motion shall be denied.

## FACTS

Defendant Reuben Vigilant ("Vigilant") was charged by information with two counts of first-degree assault, in violation of V.I. CODE ANN. tit. 14, § 295(1) & (3) and 16 V.I.C. § 91(b)(1) & (2); three counts of mayhem, in violation of 14 V.I.C. § 1341(a)(1), (2) & (3); one count of attempted murder, in violation of 14 V.I.C. § 921, 14 V.I.C. § 922(a)(2), and 14 V.I.C. § 331; two counts of third-degree assault, in violation of 14 V.I.C. § 297(2) & (4) and 16 V.I.C. § 91(b)(1) & (2); one count of aggravated assault and battery, in violation of 14 V.I.C. § 298(5) and 16 V.I.C. § 91(b)(1) & (2); and one count of possession of a dangerous weapon, in violation of 14 V.I.C. § 2251(a)(2). (*See generally* Second Am. Information.) A jury trial commenced on June 1, 1999. After the close of the government's case in chief, Vigilant failed to appear for the continuation of trial. (R. Proceedings of June 4, 1999.) A jury convicted Vigilant *in absentia* of all ten counts. (*Id.*) Vigilant likewise failed to appear for sentencing. (R. Proceedings of July 21, 1999.) The Court entered judgment against Vigilant on September 17, 1999, (Order of Sept. 17, 1999), and ultimately sentenced him *in absentia* to 45 years' and six months' imprisonment. (J. of July 1, 2000.) Subsequently, Vigilant was captured in Dominica and returned to the Virgin Islands where he began serving his sentence.[1]

## DISCUSSION

Vigilant concedes that neither he nor his counsel filed a notice of appeal within the requisite ten days after the entry of judgment. (Def.'s

---

[1] Vigilant was sentenced *in absentia* on July 1, 2000. In court documents, however, Vigilant asserts that he was recaptured on or about September 17, 1999, (Def.'s Mot. Allow Late Notice Filing Appeal at 2, ¶10), which is the same date that the Court entered judgment against him, (Order of Sept. 17, 1999). It is likely that counsel for Vigilant made a clerical error in the date of Vigilant's capture. Other court documents suggest that Vigilant was in custody, or at least his whereabouts were known, no later than November 1, 2000. (*See* Mem. P. & A. Supp. Sureties' Mot. Remission Bail Bond Forfeiture at 1 ("Just prior to the conclusion of trial, the Defendant fled to *Dominica*.") (emphasis added).)

Mem. P. & A. Supp. Mot. Allow Late Filing Appeal at 1.) Vigilant argues, however, that, because the trial court sentenced him *in absentia,* he was not informed of his right to appeal. (*Id.* at 2.) Vigilant cites Supreme Court case law for the proposition that "flight does not constitute a waiver of the right to appeal." (*Id.*) For its part, the government argues—without burdening itself with a single citation to any case, statute, or source—that, because Vigilant voluntarily absented himself from part of his trial and the entirety of his sentencing, he waived his right to appeal. (*See generally* Gov't's Opp. Def.'s Mot. Allow Late Notice Filling [*sic*] Appeal.)

This matter presents an issue of first impression in this Court. The Rules Governing the Territorial Court of the Virgin Islands provide that "appeals from judgments of the Territorial Court to the district court shall be taken in accordance with Rule 76.1 [of the] Local Rules of Civil Procedure." TERR. CT. R. 176. Local Rule 76.1 provides that "Practice in the Appellate Division of the District Court ["Appellate Division"] of the Virgin Islands of the United States shall conform to the fullest possible extent with the practice in the court of Appeals for the Third Circuit, and shall be governed by the Federal Rules of Appellate Procedure ["FRAP"]." LRCI 76.1 (parentheticals added). In 1998, however, the Appellate Division promulgated the Virgin Islands Rules of Appellate Procedure ("VIRAP"), which superseded the FRAP as the governing authority over appeals from the Territorial Court to the Appellate Division. V.I.R. APP. P. 1(e) & n.1; *Gov't v. O'Garro,* 42 V.I. 171, 190 F.R.D. 168, 170 (D.V.I. App. Div. 1999) (Moore, J., concurring).

Rule 4 of the VIRAP provides that "an appeal permitted by law as of right from the Territorial Court to the Appellate Division shall be taken by filing a notice of appeal with the Clerk of the Territorial Court within the time allowed by rule 5." V.I.R. APP. P. 4(a). The rule also states that "failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Appellate Division deems appropriate, which may include dismissal of the appeal." *Id.* Rule 5 of the VIRAP provides, in pertinent part, that "in a criminal case, a defendant shall file the notice of appeal in the Territorial Court within ten days after the entry of [judgment.]" V.I.R. APP. P. 5(b)(1). Rule 5 also allows that:

upon a showing of excusable neglect, the *Appellate Division* may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.

V.I.R. APP. P. 5(b)(5) (emphasis added).

██ Given the foregoing, the disposition of this matter proceeds along two possible tracks, neither one favorable to Vigilant. First, all parties agree that any notice of appeal that Vigilant may file will be out-of-time. (*See* Def.'s Mem. P. & A. Supp. Mot. Allow Late Filing Appeal at 1; Gov't's Opp. Def.'s Mot. Allow Late Notice Filling [*sic*] Appeal.) However, Vigilant's request that this Court allow him to file a late notice of appeal is misplaced because, under the terms of Rule 5 of the VIRAP, this Court does not have jurisdiction to excuse late appeals. Once a notice of appeal has been filed with the Clerk of the Territorial Court, only the Appellate Division may pass on its sufficiency. *See* V.I.R. APP. P. 5(b)(5). This procedure differs markedly from that set forth in the formerly-applicable FRAP, where the trial court, not the appellate court, makes the requisite finding of excusable neglect. *Compare* FED. R. APP. P. 4(b)(4) ("The district court may ... extend the time to file a notice of appeal[.]") *with* V.I.R. APP. P. 5(b)(5) ("The Appellate Division may ... extend the time to file a notice of appeal[.]"). The plain language of Rule 5 of the VIRAP, however, effectively divests this Court of its former jurisdiction under the FRAP, leaving it with no authority to entertain Vigilant's motion for extension of time, let alone any claims of excusable neglect.[1] Pursuant to the second clause of Rule 4(a) of the VIRAP, Vigilant remains free to file a belated notice of appeal with the Clerk of the Territorial Court. *See* V.I.R. APP. P 4(a) (noting that the filing of an

---

[1] In further support of this Court's lack of jurisdiction over the matter, Rule 5 of the VIRAP sets forth several circumstances in which the Territorial Court retains jurisdiction over post-judgment matters. *See, e.g.*, V.I.R. APP. P. 5(b)(2) ("The filing of a notice of appeal ... does not divest the Territorial Court of jurisdiction to correct a sentence under TERR. CT. R. 112, 136, or 137, or under the Federal Rules of Criminal Procedure [to the extent that they apply].") (parenthetical added). This Court must assume that, were Rule 5(b)(5) of the VIRAP intended to provide concurrent jurisdiction—that is, to allow either the Territorial Court or the Appellate Division to grant an extension of time upon a showing of excusable neglect—it would have been drafted accordingly.

untimely notice of appeal "does not affect the validity of the appeal"). The reception of that appeal by the Appellate Division, however, is governed by considerations that are beyond this Court's jurisdictional power to influence.

    ■ Second, even if this Court retains the power to grant Vigilant's motion for extension of time, other provisions of the VIRAP prevent it from doing so. Even upon a showing of excusable neglect, an extension of time cannot be granted more than thirty days after the expiration of the ten-day period for filing a timely notice of appeal. *See* V.I.R. APP. P. 5(b)(5); *see also* FED. R. APP. P. 4(b)(4) (containing materially identical language). Thus, any motion for an extension of time must be filed within forty days of the entry of the order of judgment. Given the court's entry of judgment against Vigilant of September 17, 1999, that forty-day window would have closed on or about November 27, 1999. Accordingly, because any showing of excusable neglect will occur more than forty days from the entry of judgment against him, Vigilant's motion is fatally out-of-time.[2]

---

[2] It should be noted that, aside from the "excusable neglect" provisions of both the FRAP and the VIRAP, federal case law recognizes that a court may have jurisdiction to hear a belated appeal, notwithstanding the forty-day time limitation, subject to the "unique circumstances" exception. *Kraus v. Consol. Rail Corp.*, 899 F.2d 1360, 1362 (3d Cir. 1990) (citing *Thompson v. INS*, 375 U.S. 384, 84 S. Ct. 397, 11 L. Ed. 2d 404 (1964) (*per curiam*)). Under this doctrine, a defendant may pursue an otherwise out-of-time appeal if (1) he or she relied to his or her detriment on a district court's affirmative statements or actions, and (2) it was reasonable for the defendant to do so. *Id.* at 1365. To the extent that this Court retains jurisdiction to hear this matter, nothing in the record suggests that the "unique circumstances" exception applies to Vigilant.