Richard **WALKER**, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

No. CR.A.2002–136.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Feb. 2, 2004.

Stylish Willis, Esq., St. Thomas, V.I., for Appellant.

Maureen Phelan, Esq., Assistant Attorney General, V.I. Department of Justice, St. Thomas, V.I., for Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and MARIA CABRET, Presiding Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## MEMORANDUM

PER CURIAM.

### I. INTRODUCTION

Appellant has timely appealed his conviction under V.I.Code Ann. tit. 19, § 604(a)(1) arguing that the denial of the motion to suppress was improper because (1) the search and seizure of the drugs was unconstitutional and (2) the trial judge's factual findings at the suppression hearing were clearly erroneous. After due consideration, we find that both the search and the seizure were lawful as incident to arrest under *Maryland v. Buie.* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Furthermore, we find no clear error in the trial court's findings of fact. Accordingly, this Court affirms Walker's conviction.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2001, Virgin Islands Police Department Officers Leroy Huyghue, Montclair Guishard, Francis Brooks and Carl "Monkey" Charleswell were patrolling Hospital Ground, St. Thomas, in an unmarked car at approximately 10:30 p.m. Two murders had occurred recently in Hospital Ground, and it was generally known as a high crime area. A young man on a bike began acting nervously when he saw the patrol, so Guishard and Huyghue

exited the car, chased the individual and patted him down. (J.A. at 31–33, 77, 117.)

Meanwhile, Brooks and Charleswell saw a man, Calvin Lloyd, sitting under a tree next to the shed that housed Mr. Elmo Joseph's auto repair shop. The two officers saw Lloyd pass a silver gun from his right hand to his left. Someone shouted, "Gun!" Brooks quickly exited the car, wrestled the gun from Lloyd, and handcuffed him. Lloyd was then arrested and read his rights. Several people quietly fled the scene. (*Id.* at 32, 41, 79–80, 108–109, 118–119, 181–183, 215.)

After hearing the shout of "gun," Huyghue and Guishard quickly joined the other officers and secured the perimeter. Guishard believed that Lloyd was a "lookout" for several people sitting at a table in the shed. A car was parked directly in front of the shed and about eight feet away from Lloyd with its windows rolled down. Guishard looked to see if anyone was in the car. He saw a blue rasta tam partially under the driver's seat on the car floor. In the hat, Guishard saw some large Ziploc bags containing a green leafy substance. Guishard asked who was driving the car. Appellant Richard Walker got up from the table, exited the shed, and approached Guishard with his hands in the air, saying, "I am driving that car." Guishard said, "So that's your tam with the drugs?" The appellant replied, "That's my f——cking weed." Guishard then arrested Walker.[1] (*Id.* at 34, 64–65, 80–82, 84, 94–97, 99, 109, 137, 147, 151, 179.)

On November 30, 2001, appellant filed his motion to suppress the evidence of the marijuana, the gun, and his statements to the police. On February 20, 2002, the motion came on for hearing before the Territorial Court. The trial judge found that the officers were properly in that area because they had probable cause to arrest Lloyd. Under the totality of the circumstances, the trial judge also found that Guishard's cursory search of the vehicle was reasonable as a protective sweep and that the drugs in the hat were in "plain view." Therefore, the trial judge did not suppress the drugs or appellant's statements regarding the drugs. Because the gun was found during a valid search incident to arrest, it also was not suppressed. (J.A. at 253, 257–258.)

The appellant ultimately was charged in Count I with possession of a controlled substance with intent to distribute, in violation of 19 V.I.C. § 604(a)(1), and in Count II with unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a). The jury trial started on April 15, 2002. On April 17, 2002, the jury found the appellant guilty on Count I, and not guilty on Count II. On June 10, 2002, the Territorial Court entered a judgment based on a habitual criminal information, which included ten (10) years of incarceration, with all but two years suspended. The appellant timely filed his notice of appeal on June 10, 2002. (J.A. at 1–24.)

## III. DISCUSSION

### A. Jurisdiction and Standards of Review

▬ This Court has jurisdiction to review final judgments and orders of the Territorial Court in criminal cases. *See* 4 V.I.C. § 33; Section 23A of the Revised Organic Act.[2] The appellate court accords

---

1. Subsequent to his arrest, the appellant admitted to having a gun, and once the police seized it, they charged him with possession of an unlicensed firearm. [J.A. at 82,121.]

2. Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. CODE ANN. tit. 1).

plenary review to the trial court's interpretation of legal precepts; however, factual findings are reviewed for clear error. *Id.; See Poleon v. Government of the V.I.,* 184 F.Supp.2d 428 (D.V.I.2002). In the criminal context, the court's factual findings are clearly erroneous if it is evident "the factfinder in the first instance made a mistake in concluding that a fact had been proven under the applicable standard of proof." *See Bryan v. Government of V.I.,* 150 F.Supp.2d 821, 827 n. 7 (D.V.I.2001).

### B. The Trial Judge Did Not Commit Error in Denying Defendant's Motion to Suppress

#### 1. The Search of the Automobile was Constitutional

■ Appellant contends that the officers did not have probable cause or any proper exception to the warrant requirement to justify the warrantless search of his vehicle. (Appellant's Br. at 13.) First, appellant contends that the search did not qualify as a protective sweep because none of the officers "asserted any reasonable belief on specific and articulable facts that the appellant's vehicle ... harbored any individuals posing a danger to the officers in the area of the arrest scene of Calvin Lloyd." (Appellant's Br. at 16.) The government argues in response that this level of suspicion is only required for a full protective sweep and not for a sweep of such immediate adjoining places incident to arrest. (Appellee's Br. at 12.) (citing *Maryland v. Buie,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990)). We agree with the government that there is no requirement of reasonable belief for this search. The Supreme Court has held that "incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Maryland v. Buie,* 494 U.S. at 334, 110 S.Ct. 1093. The trial court was therefore correct in finding that a cursory search of the vehicle was proper because a person could have been hiding inside waiting to launch an attack. (J.A. at 253, 256–257.) [3]

#### 2. The Trial Judge's Findings of Fact Were Not Clearly Erroneous

■ Appellant contends that the trial judge's findings of fact were clearly erroneous because he supplied testimony that the government never elicited during the suppression hearing and drew inferences that were unsupported by the record to uphold the search.[4] (Appellant's Br. at 35.) We disagree. Appellant contends that the trial judge clearly erred in finding that the blue rasta tam was "in the front seat in the vicinity of the driver's seat." (Appellant's Br. at 28.) (citing J.A. at 253). Appellant further contends that this error affected the plain view analysis. (*Id.*) We agree with the government that the trial court's general statement is not clear error but merely a more general description of where the hat was. (Red Br. at 16.) It is clear from the context that the trial judge was aware that the drugs were not literally on top of the front seat because it used the term "vicinity." (*Id.*) Secondly, appellant argues that the court erred in finding that Guishard knew the green leafy substance to be marijuana without evidence of his

---

3. The appellant discusses the possible applicability of several other exceptions to the warrant requirement. We do not find any of these other arguments persuasive as grounds for reversal.

4. Generally, the appellant mischaracterizes his own arguments as raising clear errors of fact when they actually involve alleged legal errors.

experience and training with narcotics. This finding was not clearly erroneous either because appellant himself admitted it was his weed before Guishard arrested him. (Appellee's Br. at 16.)

## IV. CONCLUSION

The search and seizure of the drugs was lawful and the trial judge's findings of fact were not clearly erroneous. Accordingly, this Court affirms the appellant's conviction under 19 V.I.C. § 604(a)(1) for possession of a controlled substance with intent to distribute.

### ORDER

For the reasons given in the accompanying memorandum of even date, it is hereby **ORDERED** that Walker's conviction of possession of a controlled substance with the intent to distribute, 19 V.I.C. § 604(a)(1), is **AFFIRMED**.